UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 13-cv-00017-JA-GJK

DANIELLE TACORONTE,

        Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES,
LLC

        Defendant.
_____/

**CARRINGTON'S ANSWER AND AFFIRMATIVE DEFENSES**

Carrington Mortgage Services, LLC ("Carrington"), by and through its attorneys, for its Answer to Plaintiff Danielle Tacoronte's ("Tacoronte") Complaint, states as follows:

1. This is a complaint for money damages. Defendants [*sic*], despite knowing that Tacoronte was represented by counsel, went around that counsel in an effort to collect debt, contrary to Fla. Stat. Section 559.72(18) and 15 U.S.C. Section 1692c(a)(2), for which reason Tacoronte is entitled to statutory damages $2000 plus fees and costs.

**ANSWER:** Carrington admits that Tacoronte filed a complaint making various allegations, but denies any and all alleged liability to Tacoronte, denies that Tacoronte is entitled to any relief, and denies the remaining allegations contained in this Paragraph.

2. Plaintiff Danielle Tacoronte is a citizen of Osceola County, Florida.

**ANSWER:** Carrington lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

3. Defendant Carrington Mortgage Services, LLP ("Carrington") is a limited partnership, having its primary place of business at 1610 E. Saint Andrew Place, Suite b-150, Santa Ana, CA 92705. Carrington is a foreign corporation registered to do business in the state of Florida.

**ANSWER:** Carrington denies that allegations contained in this Paragraph, and affirmatively

1

states that it is a limited liability company organized under the laws of Delaware, that it is registered in the State of Florida, and that its principal place of business is in Santa Ana, California.

4.  This Court has jurisdiction to grant relief pursuant to Fla. Stat. Section 34.01, in that this is an action for money damages wherein the matter in controversy does not exceed $15,000.00 exclusive of interest, costs and attorney's fees.

**ANSWER:** The allegations in this Paragraph are no longer applicable as they are in reference to the County Court of the Ninth Judicial District of Florida in and for Osceola County, where this action was originally brought prior to its removal, but attempting to respond, Carrington admits this Court has jurisdiction.

5.  Venue is proper in Osceola County, Florida, pursuant to Fla. Stat. Section 47.051, in that Carrington reached into Osceola County to commit its wrongful acts, and the cause of action accrued in Osceola County.

**ANSWER:** The allegations in this Paragraph are no longer applicable as they are in reference to the County Court of the Ninth Judicial District of Florida in and for Osceola County, where this action was originally brought prior to its removal, but attempting to respond, Carrington venue is proper in this Court.

6.  Carrington is a "debt collector" within the meaning of Fla. Stat. Section 559.55(6), in that it regularly attempts to collect debts allegedly owed by others.

**ANSWER:** The allegations contained within this Paragraph constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent response may be required, Carrington denies the allegations contained in this Paragraph.

7.  Carrington is a "debt collector" within the meaning of 15 U.S.C. Section 1692a(6) and 15 U.S.C. Sections 1601-note & seq. (the Fair Debt Collection Practices Act or FDCPA), in that is uses the mails [*sic*] in a business the primary purpose of which is the collection of debts.

**ANSWER:** The allegations contained within this Paragraph constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent response may be

required, Carrington denies the allegations contained in this Paragraph.

8. Tacoronte is represented by counsel in connection with the debt relevant to this matter and Defendant was well aware of this.

**ANSWER:** Carrington lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Tacoronte was represented by counsel, and denies the remaining allegations contained in this Paragraph.

9. Tacoronte has been continually represented by counsel from May 22nd, 2012 up to the present date.

**ANSWER:** Carrington lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

### Answer to Count I
### Alleged FCCPA Violation

10. Plaintiff realleges paragraphs 1-9.

**ANSWER:** Carrington restates and incorporates by reference its answers and responses to Paragraphs 1-9 as its answer and response to this Paragraph.

11. The sending of the June 18, 2012, demand for payment, exhibit "A", was a violation of Florida Stat. Section 559.72(18).

**ANSWER:** Carrington denies the allegations contained in this Paragraph.

12. Fla. Stat. Section 559.77(2) provides for statutory damages of $1000.00, together with fees and costs, for a violation of any portion of Fla. Stat. Section 559.72.

**ANSWER:** Carrington admits the allegations contained in this Paragraph only to the extent they are consistent with the Fla. Stat. § 559.77(2), and otherwise denies the allegations contained in this Paragraph.

WHEREFORE, Carrington denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Tacoronte, with costs and attorneys fees assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

## Answer to Count II
## Alleged FDCPA Violation

13. Plaintiff realleges paragraphs 1-9.

**ANSWER:** Carrington restates and incorporates by reference its answers and responses to Paragraphs 1-9 as its answer and response to this Paragraph.

14. The sending of the June 18, 2012, demand for payment, exhibit "A", was a violation of 15 U.S.C. Section 1692c(a)(2).

**ANSWER:** Carrington denies the allegations contained in this Paragraph.

15. 15 U.S.C. Section 1692k(a)(2)(A) provides for statutory damages of $1000.00, and 15 U.S.C. Section 1692k(a)(3) provides for an award of fees and costs, for violations of FDCPA.

**ANSWER:** Carrington admits the allegations contained in this Paragraph only to the extent they are consistent with 15 U.S.C. § 1692k(A)(2)(A) and 15 U.S.C. §1692k(a)(3), and otherwise denies the allegations contained in this Paragraph.

WHEREFORE, Carrington denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Tacoronte, with costs and attorneys fees assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Carrington states as follows:

1. Carrington is the servicer of a mortgage loan that was extended to Tacoronte and is secured by a mortgage on the real estate commonly known as 2030 Red Buckeye Lane, Orlando, Florida (the "Subject Loan").

2. Carrington began servicing the Subject Loan in July of 2007.

3. Tacoronte defaulted on the Subject Loan in or about February 2009.

4

### First Affirmative Defense

4. Carrington restates and incorporates by reference the facts stated in Paragraphs 1-3 of its Affirmative Defenses above.

5. The Complaint, and each purported claim contained therein, fails to state a claim upon which relief may be granted as a matter of law, and Carrington reserves and does not waive any arguments relating to the legal sufficiency of Tacoronte's allegations.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Tacoronte, with costs and attorneys fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Second Affirmative Defense

6. Carrington restates and incorporates by reference the facts stated in Paragraphs 1-3 of its Affirmative Defenses above.

7. To the extent Tacoronte suffered any alleged damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by Tacoronte's own failure to mitigate the alleged damages, the alleged damages were caused in whole or in part by her own acts or omissions, and/or the alleged damages were caused in whole or in part by individuals and/or entities over whom Carrington had no control, right of control or responsibility.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Tacoronte, with costs and attorneys fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Third Affirmative Defense

8. Carrington restates and incorporates by reference the facts stated in Paragraphs 1-

3 of its Affirmative Defenses above.

9. Carrington is not subject to and/or is exempt from the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), because it is not a debt collector as defined in the FDCPA.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Tacoronte, with costs and attorneys fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Fourth Affirmative Defense

10. Carrington restates and incorporates by reference the facts stated in Paragraphs 1-3 of its Affirmative Defenses above.

11. Carrington denies that it violated any provision of FDCPA, and denies that it violated any provision of the Florida Consumer Collection Practices Act, § 559.55 Fla. Stat. (2012), *et seq.* ("FCCPA").

12. Nevertheless, any alleged violation by Carrington would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Carrington's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

13. When Carrington receives notice that one of its customers is represented by counsel, Carrington requires that a flag be placed on the matter in Carrington's systems, and that its personnel immediately substitute the customer's counsel's contact information in Carrington's systems in place of the customer's contact information, in order that call future calls and communications are directed only to the customer's counsel and not to the customer. This is often referred to as a "communications stop."

14. To the extent here was any deviation from Carrington's above-referenced official policies and procedures, it was inadvertent and was done notwithstanding Carrington's policies and procedures to the contrary.

15. Therefore, to the extent that there may have been an alleged bona fide error in the communications to Tacoronte regarding her mortgage debt, the communications were not the result of a knowing or intentional act or acts by Carrington, and were thus an unknowing and unintentional bona fide error, notwithstanding the maintenance of procedures reasonably adapted by Carrington to avoid such error.

16. Accordingly, even if a violation had in fact occurred as alleged, Carrington would not be liable pursuant to 15 U.S.C. § 1692k(c) and/or § 559.77(3) Fla. Stat.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Tacoronte, with costs and attorneys fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

The above affirmative defenses are based on the facts currently known to Carrington, and Carrington reserves the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

Dated: January 10, 2013  **CARRINGTON MORTGAGE SERVICES, LLC,**

By: s/Paul L. Kutcher
Paul L. Kutcher, Esquire
Law Office of Paul L. Kutcher, P.A.
LaViva Plaza
902 West Lumsden Road, Suite 109
Brandon, FL 33511

Telephone: (813) 654-PAUL (7285)
Facsimile: (813) 654-7266
e-mail: pkutcher@paulkutcher.com

### Certificate of Service

The undersigned hereby certifies that, on this **10th day of January, 2013**, a true and correct copy of the foregoing document and any related exhibits was served via ECF on all Filing Users.

s/Paul L. Kutcher
Paul L. Kutcher, Esquire
Law Office of Paul L. Kutcher, P.A.
LaViva Plaza
902 West Lumsden Road, Suite 109
Brandon, FL 33511
Telephone: (813) 654-PAUL (7285)
Facsimile: (813) 654-7266
e-mail: pkutcher@paulkutcher.com