UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 13-cv-00017-JA-GJK

DANIELLE TACORONTE,

      Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES,
LLC,

      Defendant.

_____/

**CARRINGTON'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO DISMISS COUNT II OF HER COMPLAINT**

Carrington Mortgage Services, LLC ("Carrington"), by and through its attorneys, files this Response in Opposition to Plaintiff Danielle Tacoronte's ("Plaintiff") Motion to Dismiss Count II of her Complaint (the "Motion"), and states as follows:

1.      Plaintiff's Motion seeks to voluntarily dismiss Count II of her Complaint under Fed. R. Civ. P. 41(a)(2), and also requests that this matter be transferred back to the state court. The Motion should be denied, or at least conditioned on the payment of Carrington's fees incurred in removing this action to federal court, preparing for the required Fed. R. Civ. P. 26(f) meeting of the parties, and filing this response brief. *See* Fed. R. Civ. P. 41(a)(2).

2.      On January 3, 2013, Carrington properly removed this matter based upon federal question jurisdiction, due to the fact that Count II of the Complaint asserted alleged violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). *See* Docket No. 1. Plaintiff did not file any motion to remand, or otherwise challenge the propriety of removal, within the time allowed. *See* 28 U.S.C. § 1447(c).

3.      Instead, less than one hour before the parties' agreed upon time and date for their

mandatory Fed. R. Civ. P. 26(f) conference, Plaintiff suddenly decided she did not actually want to be in federal court.

4.     The in-person meeting required to complete the subject Case Management Report for this matter was scheduled for March 5, 2013 at 1:30 pm.

5.     Carrington's counsel had already arranged, prepared and set aside time to attend said conference.     More specifically, Carrington's counsel already engaged in numerous communications with Plaintiff's counsel to arrange the date, time and location of the conference, and Carrington's counsel had already prepared for the meeting to complete the required Case Management Report, including by preparing a draft of the required Case Management Report.

6.     However, Plaintiff unilaterally cancelled the Case Management Report meeting and filed the instant Motion to Dismiss less than one hour prior to the scheduled start of said meeting.

7.     Thus, after forcing Carrington to prepare for the required conference of the parties, Plaintiff suddenly now seeks to dismiss her federal claims, in order that the case may be remanded back to state court.

8.     Initially, Plaintiff's Motion is improper, because it does not seek to dismiss all of her claims, as required. *See* Fed. R. Civ. P. 41(a)(2); *Armington v. Dolgencorp, Inc.*, Case No. 07-cv-1130-J-JRK, 2009 U.S. Dist. LEXIS 9694, *6 (M.D. Fla. Jan. 20, 2009). *Accord*, *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).

9.     Moreover, this Court has discretion to deny Plaintiff's request to remand this case back to state court. *See, e.g., Young v. Roy's Restaurant*, Case No. 06-cv-178-Orl-19JGG, 2006 U.S. Dist. LEXIS 64614 (M.D. Fla. Sept. 11, 2006).

10.     Plaintiff's Motion to Dismiss Count II should be denied in order that this action

2

may be decided on its merits, with this Court retaining jurisdiction.

11.     Alternatively, if the Court deems it appropriate to grant the Motion, Carrington requests that the Court condition its Order under Fed. R. Civ. P. 41(a)(2) upon payment by Plaintiff to Carrington's counsel of $750 in fees and expenses incurred in removing this action, arranging, scheduling, and preparing for the parties' case management conference, and filing this response brief.

12.     Conditioning dismissal upon payment of attorneys' fees and costs is appropriate. *See, e.g., Young*, 2006 U.S. Dist. LEXIS 64614.

13.     The facts in *Young* are remarkably similar to those at issue here.  In *Young*, the plaintiff filed a complaint asserting various state and federal claims in state court.  The defendant properly removed the action to federal court based upon federal question jurisdiction.   The plaintiff subsequently amended her complaint, omitting her federal claims.  Plaintiff conceded in her motion for leave to amend her complaint that her sole purpose for seeking leave to amend was to remove the basis for federal jurisdiction.  Following amendment of the complaint, the plaintiff sought to remand the case back to state court.

14.     The Court properly denied the plaintiff's motion to remand, holding that "the interests of justice, judicial economy, fairness, and comity were best served by the Court not exercising its discretion to remand."  *Young*, 2006 U.S. Dist. LEXIS 64614, *3.

15.     Thereafter, the plaintiff sought to voluntarily dismiss her case without prejudice, in order that she could re-file it in state court.

16.     The Court noted that "[i]n exercising its discretion under Rule 41(a)(2), the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'"

*Id*. at \*5, quoting *McCants v. Ford Motor Co., Inc*., 781 F. 2d 855, 857 (11th Cir. 1986).

17.     The Court further explained that courts have long held that ordering payment of a defendant's court costs and attorneys' fees is a proper condition for dismissal under Fed. R. Civ. P. 41(a) (2).  *Id.* at \*6, citing *Greenberg v. Centurion Inv. Group, Inc.,* 145 F.R.D. 610, 612 (S.D. Fla. 1993) (noting that courts frequently require plaintiffs to pay the costs and fees defendants may have incurred in litigation before granting such dismissals).

18.     "Awards of costs and fees have been deemed appropriate where, for instance, the dismissal was for the purpose of re-filing the action in state court, or where the defendants have incurred fees and expenses in pursuing matters that would be of no use in subsequent litigation." *Id.* at \*7, citing *McCants,* 781 F.2d at 859-60; *Conafay v. Wyeth Laboratories, Div. of American Home Products Corp.*, 268 U.S. App. D.C. 295, 841 F.2d 417, 419 (D.C. Cir. 1988); *Ortega v. Banco Central del Ecuador*, 205 F.R.D. 648 (S.D. Fla. 2002); *Fleming v. Joy Fin. Co*., 1995 U.S. Dist. LEXIS 19106, 1995 WL 739877 at \*2 (E.D. La. Dec. 11, 1995).

19.     "The purpose of awarding costs is to reimburse the defendant for expenses incurred in defending the dismissed action and to deter vexatious or frivolous litigation in the future." *Id*., citing *Colombrito v. Kelly*, 764 F. 2d 122, 133 (2d Cir. 1985); *Bishop v. West Am. Ins. Co*., 95 F. R.D. 494, 495 (N.D. Ga. 1982).

20.     The Court in *Young* also recognized that "[i]n factually similar cases, courts have awarded defendants the costs incurred in removing an action to federal court and in opposing a motion to remand or a motion for voluntary dismissal." *Young*, 2006 U.S. Dist. LEXIS 64614, \*7.

21.     The Court explained that "[t]he jockeying of a case from state court, to federal court, and then back to state court is a 'drain on the resources of the state judiciary, the federal

4

judiciary, and the parties involved,' and this type of tactical manipulation by plaintiffs should not be condoned." *Id*. at *8.

22.     Moreover, "it offends Congress' intent to have the plaintiff select her forum of choice before filing her initial complaint and sacrifice federal claims at the onset of litigation if the state forum is a priority." *Id*. at *9.

23.     Accordingly, while the Court in *Young* granted the plaintiffs motion for voluntary dismissal, it was subject to the defendant's right to seek attorneys' fees and courts costs associated with the filing of the notice of removal and defending against the motion to remand.

24.     Similarly here, if this Court is inclined to grant the Motion, it should dismiss this matter in its entirety, and the dismissal should be conditioned upon payment to Carrington of $750 to compensate for the fees incurred in removing this action, arranging, scheduling, and preparing for the parties' case management conference, and filing this response brief.

25.     Although Carrington's counsel has spent significantly more than three hours on these tasks, the requested $750 represents reimbursement for three hours of work at $250 per hour.  Courts in the Middle District have found similar and even higher hourly rates reasonable for FDCPA cases like this one. *See, e.g.*, *Amaro v. Specialized Loan Servicing, LLC*, No. 10-cv-1729-T-17TBM, 2011 U.S. Dist. LEXIS 143373, *9 (M.D. Fla. Dec. 13, 2011) ($350 hourly rate found reasonable); *Cook v. Law Offices of Forster & Garbus*, No. 6:10-cv-934-Orl-28KRS, 2010 U.S. Dist. LEXIS 125604 (M.D. Fla. Nov. 3, 2010) ($275 hourly rate found to be reasonable); *Zachloul v. Fair Debt Collections and Outsourcing*, No. 8:09-cv-128-T-27MAP, 2010 U.S. Dist. LEXIS 41276 (M.D. Fla. Mar. 19, 2010) ($300 hourly rate found to be reasonable); *Selby v. Christian Nicholas & Associates*, No. 309-cv-121-J-34JRK, 2010 U.S. Dist. LEXIS 25053 (M.D. Fla. Feb. 26, 2010) ($200 hourly rate found to be reasonable).

26.     Thus, Carrington's reimbursement request in the amount of only $750 is plainly reasonable and appropriate.

WHEREFORE, Carrington requests that Motion be denied, that this Court retain jurisdiction over this matter, or alternatively that the Court condition its grant of the relief requested in the Motion upon payment to Carrington's counsel of $750 in attorney's fees, and requests that this Court provide such further and additional relief as it deems just and appropriate.

Dated:  March 13, 2013

**CARRINGTON MORTGAGE SERVICES, LLC**,

By:     /s/ Chad Muney_____
Chad M. Muney
Florida Bar No. 858501
MCGINNIS WUTSCHER LLP
2255 Glades Road
Suite 324A
Boca Raton, FL  33431
Phone: (561) 807-6827
Fax:  (866) 581-9302
cmuney@mtwllp.com

**Certificate of Service**

The undersigned hereby certifies that, on this **13th day of March, 2013**, a true and correct copy of the foregoing document and any related exhibits was served via ECF on all Filing Users.

/s/ Chad Muney_____
Chad M. Muney
Florida Bar No. 858501
MCGINNIS WUTSCHER LLP
2255 Glades Road
Suite 324A
Boca Raton, FL  33431
Phone: (561) 807-6827
Fax:  (866) 581-9302
cmuney@mtwllp.com

6